Denison & McKenna, Trustees, *vs.* Walter P. Foster *et al.*

A ruling or decision of a District Court on any matter of law raised by the pleadings in a suit is not reviewable by the Common Pleas Division of the Supreme Court, but by the Appellate Division only, upon a bill of exceptions as provided by the Judiciary Act, cap. 30, § 12.

---

[1] As follows :

To an action brought in a District Court against two, the defendants severally pleaded the general issue, and one of them also pleaded specially in bar. The District Court overruled a demurrer to the special plea, whereupon the plaintiffs submitted to judgment for the defendants and claimed a jury trial, and the case was certified to the Common Pleas Division.

*Held,* that the decision of the District Court overruling the demurrer to the special plea in bar was conclusive, and had the effect to take out of the case the defendant whose plea in bar was sustained.

*Held,* further, that on a jury trial of the case in the Common Pleas Division, evidence to prove the joint liability of the original defendants was not admissible.

General allegations in a petition for a new trial, although sworn to, without specifications thereunder, are not entitled to any consideration.

On a petition for a new trial, a statement of evidence which has not been presented to or allowed by the justice who presided at the trial, as required by the Judiciary Act, cap. 31, §§ 6, 7, forms no part of the record.

PLAINTIFFS' petition for a new trial.

*Providence, December* 13, 1894. TILLINGHAST, J. The plaintiffs in this case petition for a new trial on the grounds, *first,* of error of law in the rulings of the justice who presided at the trial thereof in the Common Pleas Division, and, *second,* that by reason of accident, mistake and misfortune they did not have a full, fair and impartial trial.

The case, which was an action of trespass and ejectment, was brought in the District Court of the Third Judicial District wherein the defendants severed in their pleas, each filing the general issue, and the defendant Walter P. Foster also filing a special plea in bar. To this plea the plaintiffs demurred, but upon trial thereon the demurrer was overruled, whereupon the plaintiffs submitted to judgment for the defendants and claimed a jury trial, and the case was duly certified to the Common Pleas Division. When said case came on for trial the plaintiff insisted that the first question to be determined was whether the ruling of the court below in overruling the demurrer and thereby sustaining said special plea in bar, was error. But the court ruled that the plaintiffs were not entitled to a hearing thereon, their claim for a jury trial being the only thing which was properly before the court, and that the judgment of the District Court on the pleadings filed therein could not be reviewed by that tribunal. The plaintiffs thereupon went to trial under the pleadings

as they stood, and after submitting their testimony were, upon motion of counsel for the defendant Ellen M. Foster, non-suited.

The first and principal question raised by the plaintiffs' petition is whether the ruling of the Common Pleas Division upon the matter of pleading was correct. We are clearly of the opinion that it was. Under the provisions of the Judiciary Act, cap. 30, § 12, a party aggrieved by any ruling or decision of a district court on any matter of law raised by the pleadings, is entitled to have the question at issue heard and decided by the Appellate Division of the Supreme Court on a bill of exceptions properly brought, but he is not entitled to have the same heard by the Common Pleas Division. The evident purpose of the statute is to have all questions of law raised by the pleadings in a case finally settled and determined before a jury trial is had therein, which, were it otherwise, might be rendered useless and nugatory. The plaintiffs in this case, having neglected to take any exceptions to the ruling of the District Court, as they might have done, must bear the consequences of their mistake in supposing that the Common Pleas Division could give them relief if the ruling below was erroneous.

As to the second ground upon which the plaintiffs ask for a new trial, we find nothing in the record to sustain it. The only accident, mistake and misfortune of which they specially complain are the rulings of the court as to the effect of the decision of the District Court on the pleadings, and as to the evidence offered to show that the defendants were jointly liable in said action, notwithstanding the fact that one of them, viz., Walter P. Foster, had successfully pleaded in bar thereto. This being so, he was of course as effectually out of the case as if he had never been made a party thereto, and no evidence as to his liability was admissible. It is true the petitioners make the bald assertion that they were forced to trial in a hasty and discourteous manner, that they were not prepared for trial, and that they did not have a full, fair and impartial trial. But they fail to show any sufficient reason for not being ready for trial, nor do they show any

reason whatsoever for the making of the other allegations; and counsel ought to know that the mere making of such general statements without specification thereunder, even though sworn to as these are, does not entitle the petitioner to a new trial or even to any consideration at the hands of the court. The statement of evidence submitted with the papers in the case not having been presented to or allowed by the justice presiding at the trial, and no reason being shown for the non-compliance with the statute in this regard, forms no part of the record, and we cannot, therefore, consider the same. See cap. 31, §§ 6, 7, of the Judiciary Act.

*Petition denied and dismissed.*

*James E. Denison*, for plaintiffs.
*Albert B. Crafts*, for defendants.